IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERITA HORTON,

    Plaintiff,                                       CIV. NO. S-09-0818 GEB GGH PS

    vs.

INDYMAC FEDERAL BANK, FSB,

    Defendant.                                 FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to Local Rule 72-302(c)(21). Presently pending before the court is defendant Federal Deposit Insurance Corporation's ("FDIC"), as Receiver for IndyMac Federal Bank, F.S.B., motion to dismiss and/or for summary judgment, filed May 27, 1010. The motion was taken under submission without oral argument after plaintiff failed to file an opposition. Having reviewed the papers in support of the motion, the undersigned now issues the following findings and recommendations.

BACKGROUND

        Plaintiff filed this action on March 25, 2009, claiming that the mortgage transaction she obtained from IndyMac Bank is illegal because defendant imposed harsh exit penalties, and did not give her proper disclosures concerning adjustable rate mortgages. The complaint alleges violations of the Truth in Lending Act ("TILA"), Cal. Bus. & Prof. Code §

1

17200, et seq., Real Estate Settlement Procedures Act ("RESPA"), breach of the covenant of good faith and fair dealing, fraud, and quiet title.  Plaintiff seeks declaratory and injunctive relief, including that the trustee's sale be set aside, as well as rescission and restitution.  On June 10, 2009, the court stayed the action pursuant to a stipulation of the parties to complete the administrative claims process.  On April 29, 2010, pursuant to a request by defendant, the stay was lifted.

DISCUSSION

    I. LEGAL STANDARD FOR MOTION TO DISMISS

On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists.  See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made.  See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992).  Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the

complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[1]

II. ANALYSIS

The FDIC is acting as receiver for IndyMac Bank, a failed financial institution. The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") granted this power to FDIC and created a mandatory administrative claims process. Pursuant to 12 U.S.C. §§ 1821(d)(3)(A) and (d)(5)(D), the FDIC has the power to determine claims as filed by claimants with the receiver. Under § 1821(d)(13)(D), courts have no jurisdiction over claims against the failed bank unless jurisdiction is otherwise authorized in section 1821(d). Section 1821(d)(6) provides as follows:

> (6) Provision for agency review or judicial determination of claims
>
> (A) In general
>
> Before the end of the 60-day period beginning on the earlier of-
>
> (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or
>
> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I)

---

[1] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

>the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A). Courts have no jurisdiction over claims against a failed institution until after the claims period has expired. McCarthy v. F.D.I.C., 348 F.3d 1075, 1077-78 (9th Cir. 2003). "FIRREA's exhaustion requirement applies to any claim or action respecting the assets of a failed institution for which the FDIC is receiver." Id. at 1081; 12 U.S.C. § 1821(d)(13)(D). The Ninth Circuit further held that claimants who challenge post-receivership conduct by the FDIC as receiver must also exhaust administrative remedies. McCarthy, 348 F.3d at 1081.[2]

Here, plaintiff was kept fully informed of the administrative claims process requirements. Aside from notice by publication on May 28, 2009 and June 29, 2009, on April 9, 2009, the FDIC sent by certified mail a notice explaining the process, with Proof of Claim form to plaintiff.[3] (Mallory Decl., Exs. A, B.) This letter was unclaimed and returned to the FDIC. (Id., ¶ 7.) On April 28, 2009, plaintiff contacted the FDIC, requesting a proof of claim form. The address she provided was the same one that the first proof of claim form was sent to, except that the last digit of the zip code was different. (Id., Ex. C.) In response, on May 4, 2009, the FDIC mailed her another notice by certified mail to the corrected address, also explaining that she could file a claim by July 8, 2009. (Id., Ex. D.) This letter also went unclaimed and was returned to the FDIC. (Id.) On June 11, 2009, the parties stipulated to staying this case pending

---

[2] The mandatory exhaustion rule is odd in light of the "or file suit" in the statute.

[3] FDIC requests judicial notice of these and other records. The court will take judicial notice of records which are matters of public record. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). The letters to plaintiff are not susceptible to judicial notice as they are not matters of public record, but are admissible in any event on a Rule 12(b)(1) motion.

completion of the administrative claims process, which was approved by order.  (Dkt. # 8.) Plaintiff did not file an administrative claim with the FDIC.  (Id., ¶ 11.)  The deadline to file an administrative claim was October 14, 2008 for IndyMac Bank and August 26, 2009 for IndyMac Federal.  (Mallory Decl., ¶¶ 4, 6.)  On November 30, 2009, the FDIC sent plaintiff a letter requesting voluntary dismissal of this action due to her failure to exhaust, as well as the determination by FDIC's Board of Directors that the assets of IndyMac Bank and IndyMac Federal were insufficient to make any distribution to unsecured creditors.  McWhorter Decl., Ex. 3.)  Plaintiff did not respond to this letter.  (Id., ¶ 5.)  The court lifted the stay on April 29, 2010.  (Dkt. # 19.)

As plaintiff did not exhaust her administrative remedies through the FIRREA claims process, there is no subject matter jurisdiction and this action must be dismissed. Therefore, the remainder of defendant's arguments will not be addressed.

CONCLUSION

Accordingly, IT IS RECOMMENDED that defendant FDIC's (as Receiver for IndyMac Federal Bank, F.S.B.) motion to dismiss, filed May 27, 1010, (docket # 21), be granted, and this action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The

\\\\\

\\\\\

\\\\\

\\\\\

5

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/30/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Horton0818.mtd.wpd